SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-5034 PA (RZx) | Date | December 3, 2007 |
|---|---|---|---|
| Title | New Name, Inc. v. The Walt Disney Co., et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| C. Kevin Reddick | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS COURT ORDER

Before the Court is a motion ("Motion") filed by defendants The Walt Disney Co. and Disney Enterprises, Inc. ("Defendants"), to dismiss the first, second, and fourth causes of action of New Name, Inc.'s ("Plaintiff") First Amended Complaint ("Complaint"), and to strike the request for non-restitutionary relief in Plaintiff's fifth cause of action. (Docket No. 19.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for December 3, 2007, is vacated, and the matter taken off calendar.

## I.      Background

Plaintiff is the owner of the "SWEET & TOXIC" federally registered trademark, and is the owner of copyrighted designs associated with this mark, including the artistic work "REASON," which is a federally copyrighted work. Plaintiff also owns the Canadian copyright registration for the work "REASON." Plaintiff alleges that Defendants have willfully infringed by selling thousands of T-shirts with the SWEET & TOXIC mark and a blatant copy of the REASON design, and that some of this infringement has taken place in the United States because designs were reviewed and "offered for sale" domestically. In its Complaint, Plaintiff brings claims for: (1) Copyright infringement under the United States Copyright Act; (2) Copyright infringement under § 27 of the Copyright Act of Canada; (3) Trademark infringement under the Lanham Act, 15 U.S.C. § 1114, et seq., and common law; (4) Trademark infringement under § 19 of the Canadian Trade-marks Act, and common law; and (5) Unfair competition.[1]

Defendants have moved to dismiss Plaintiff's claim under the United States Copyright Act, and to dismiss both Canadian claims. They have also moved to strike Plaintiff's request for non-restitutionary relief under its unfair competition claim. Defendants have not moved to dismiss or strike Plaintiff's Lanham Act trademark infringement claim.

## II.      Motion to Dismiss Standard

---

[1]      As discussed below, there is a dispute about whether Plaintiff pleaded unfair competition under the Lanham Act, 15 U.S.C. § 1125 et seq., Cal. Bus. & Prof. Code § 17200 et seq., and common law, or only Cal. Bus. & Prof. Code § 17200.

SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-5034 PA (RZx) | Date | December 3, 2007 |
|---|---|---|---|

| Title | New Name, Inc. v. The Walt Disney Co., et al. |
|---|---|

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do substantial justice." Fed. R. Civ. P. 12(b)(6), 8(f). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." Id. at __, 127 S. Ct. at 1965, 167 L. Ed. 2d 929 (citations omitted); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). For a complaint to survive a motion to dismiss, it must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at __, 127 S. Ct. at 1974, 167 L. Ed. 2d 929. The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp. , 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

### III. Analysis.

#### A. United States Copyright Infringement

Defendants argue that Plaintiff has failed to plead a violation of the United States Copyright Act because it does not allege that any of the purportedly infringing T-shirts were sold in the United States, and United States copyright laws do not apply extraterritorially. See Subafilms, Ltd. v. MGM-Pathe Commc'ns Co., 24 F.3d 1088, 1094 (9th Cir. 1994) (en banc). Plaintiff counters that it alleged that the infringing goods were "transported, displayed and offered for sale in the United States in interstate commerce." (See Compl. ¶ 26.) In support of the argument that the infringing goods were transported into the United States, Plaintiff argues that Defendants should have known that consumers purchasing infringing goods in Canada "would inevitably enter the United States with those goods, giving rise to vicarious liability." (Pl.'s Opp. 4.) Plaintiff also alleges in its Complaint that "Defendants have taken other actions in the United States exclusively reserved for New Name with respect to the infringing goods, including: attribution, intentional distortion, mutilation, modification, created a derivative work, and otherwise reproduced and displayed an infringing copy of the copyrighted work at issue." (Compl. ¶ 4.) Plaintiff asserts that these allegations constitute completed acts of infringement, and are therefore actionable. See 4-17 Nimmer on Copyright § 17.02 (2007) ("[R]egardless of how much infringing conduct may or may not occur abroad, when violation of one of the exclusive rights in copyrighted works is completed within the United States, the activity becomes actionable under domestic law.") Defendants argue that these allegations constitute a mere recitation of elements of a claim for copyright infringement, and thus are insufficient to state a claim for relief under the standard articulated in Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 167 L. Ed. 2d 929.

In Twombly, the Supreme Court rejected the notion that "a wholly conclusory claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later

SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-5034 PA (RZx) | Date | December 3, 2007 |
|---|---|---|---|
| Title | New Name, Inc. v. The Walt Disney Co., et al. | | |

establish some set of undisclosed facts to support recovery." Id. at __, Id. at 1968, 167 L. Ed. 2d 929 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at __, Id. at 1965, 167 L. Ed. 2d 929. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . ." Id. (citing 5 C. Wright Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at __, Id. at 1964–65, 167 L. Ed. 2d 929 (internal quotations omitted).

Plaintiff alleges that "on information and belief, Defendants have taken other actions in the United States exclusively reserved for New Name with respect to the infringing goods, including: attribution, intentional distortion, mutilation, modification, created a derivative work, and otherwise reproduced and displayed an infringing copy of the copyrighted work at issue." (Compl. ¶ 4.) This is precisely the sort of "formulaic recitation of the elements of a cause of action" that the Supreme Court held is insufficient to state a claim for relief. Plaintiff's allegation merely mirrors the exclusive rights in copyrighted works set forth in the Copyright Act. See 17 U.S.C. §§ 106, 106A (setting forth exclusive rights in copyrighted works).

Plaintiff also alleges that "[o]n information and belief, Defendants' clothing was transported, displayed and offered for sale in the United States in interstate commerce . . ." (Compl. ¶ 26.) The extent to which this allegation is merely speculative is apparent from Plaintiff's Opposition to the Motion. There, Plaintiff argues:

> It is more than "plausible" to conclude that Disney had the infringing shirts transported to and from Disney's Burbank headquarters, and multiple copies reproduced and distributed for approval. As these goods bore the mark THE WALT DISNEY COMPANY, Disney's artistic review and licensing personnel must have policed this use – especially because an owner of a mark must regularly police their licensees to ensure the products sold contain standardized themes and accurate portrayals of the Disney characters. It is therefore clearly "plausible" to conclude that the infringing shirts at issue here went through at least moderate reproduction and review (display) in California, [sic] transported to and from the Burbank headquarters (or, at least infringing images of the shirts were sent to the United States), resulting in a mutilated, infringing version of New Name's copyrighted work in the United States. Accordingly, New Name's complaint meets the plausibility standard."

(Pl.'s Opp. 3–4 (internal citations to Complaint omitted) (emphasis in original).) Plaintiff merely speculates that because Defendants are headquartered in California, they must have engaged in infringing acts in the United States as part of infringement that was taking place in Canada. This assumption fails to "raise a right to relief above the speculative level . . ." Twombly, __U.S __, 127 S. Ct. at 1965, 167 L. Ed. 2d 929.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-5034 PA (RZx) | Date | December 3, 2007 |
|---|---|---|---|
| Title | New Name, Inc. v. The Walt Disney Co., et al. | | |

Furthermore, even if Plaintiff's allegations that "Defendants' clothing was transported, displayed and offered for sale in the United States in interstate commerce . . . " (Compl. ¶ 26), were sufficiently plausible under Twombly, these allegations still do not state a claim for copyright infringement. Under the Copyright Act, "liability is not based on contributory infringement, but on the theory that the infringing use would have been actionable even if the subsequent foreign distribution that stemmed from that use never took place." Subafilms, Ltd., 24 F.3d at 1094 (emphasis in original). Thus, for Plaintiff to state a claim, either transportation, display, or offering for sale of the infringing goods in the United States must itself be a Copyright Act violation. As Defendants point out, the mere transportation of infringing goods inside the United States is not, in and of itself, an act of infringement. See 17 U.S.C. §106 (listing exclusive rights held by copyright owner, but not listing "transportation"); see also Fun-Damental Too, Ltd. v. Gemmy Indus. Corp., 1996 WL 724734, at *5–6 (S.D.N.Y. Dec. 17, 1996) (holding that transportation of an infringing work is not a copyright violation because it does not involve any of the exclusive rights of copyright owners). Plaintiff argues that its allegation can be interpreted to mean that Defendants imported infringing articles into the United States for approval, violating 17 U.S.C. § 602(a) and (b). (Pl.'s Opp. 6.) However, 17 U.S.C. § 602 does not apply to importation that is not for the purpose of distribution, 17 U.S.C. § 602(a)(2), and importation for "approval" does not qualify.

Plaintiff also alleges "display" of the infringing designs, however it does not allege public display. Only public displays are actionable under the Copyright Act, 17 U.S.C. § 106(5), and there is no reason to presume that Defendants' alleged act of transporting the infringing designs to their Burbank, California headquarters for approval would entail public display. Finally, Plaintiff's allegation that Defendants offered the infringing designs for sale in the United States in interstate commerce is also insufficient to state a claim. Offering for sale is not enough; a defendant must have actually completed a sale. See In re Napster, Inc. Copyright Litig., 377 F. Supp. 2d 796, 802–03 (N.D. Cal. 2005) (Approvingly citing a scholar's observation that "[I]f the distribution right is to be infringed, 'an actual transfer must take place; a mere offer for sale will not violate the right.'") (quoting 2 Paul Goldstein, Copyright § 5.5.1, at 5:102 to 5:102-1 (2d ed. 2000 & Supp. 2005))).

In its Opposition, Plaintiff also argues that Canadian customers bringing infringing shirts into the United States would give rise to Defendants' vicarious liability. (Pl.'s Opp. 4.) This likewise is insufficient to state a claim, as such importation must be for distribution, not personal use. See 17 U.S.C. § 602(a)(2) (stating that Copyright Act does not apply to an individual bringing a single copy of an infringing work into the United States "for the private use of the importer" rather than for distribution). Nowhere does Plaintiff allege that Canadians are importing the infringing designs into the United States for distribution. Accordingly, the Motion to Dismiss Plaintiff's claim under the United States Copyright Act is granted.

B.      Canadian Copyright and Trade-mark Infringement

Defendants assert that principles of international comity militate that this Court decline to exercise supplemental jurisdiction over Plaintiff's claims under the Canadian Copyright and Trade-mark

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5034 PA (RZx) | Date | December 3, 2007 |
|---|---|---|---|

| Title | New Name, Inc. v. The Walt Disney Co., et al. |
|---|---|

laws.[2/]  Plaintiff responds that comity is served through this Court exercising supplemental jurisdiction because "the Court has an international duty to give due regard for both the acts of another nation and the convenience of those protected by such actions."  (Pl.'s Opp. 8.)  Plaintiff argues that comity is concerned with whether the Court will call into question a foreign government's actions, and neither of Plaintiff's Canadian claims requires the Court to do so.  (Pl.'s Opp. 9.)

Comity embodies "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws."  Hilton v. Guyot, 159 U.S. 113, 164, 16 S. Ct. 139, 143 (1895).  In the context of forum non conveniens, the Supreme Court has noted that "the need to apply foreign law . . . is not alone sufficient to warrant dismissal when a balancing of all relevant factors shows that the plaintiff's chosen forum is appropriate."  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 260 n. 29, 102 S. Ct. 252, 268 (1981).

Here, Plaintiff seeks a ruling that Defendants violated Canadian trademark and copyright laws. Nothing in the Complaint suggests that applying Canadian laws to the facts of this case will call into question the legislative, executive or judicial acts of Canada.  The cases cited by Defendants are inapposite insofar as they involve situations in which the acts of other nations would be called into question.  See Vanity Fair Mills v. T. Eaton Co., 234 F.2d 633, 646 (2d Cir. 1956) (declining to exercise supplemental jurisdiction over claim questioning validity of foreign trademark registration); Voda v. Cordis Corp., 476 F.3d 887, 901–03 (Fed. Cir. 2007) (declining to exercise supplemental jurisdiction over foreign patent claims because, inter alia, doing so "could prejudice the rights of foreign governments").

Likewise, adjudicating a foreign copyright claim does not offend the interests of comity, as "'[i]n adjudicating an infringement action under a foreign copyright law there is . . . no need to pass upon the validity of acts of foreign government officials'. . . since foreign copyright laws, by and large, do not incorporate administrative formalities which must be satisfied to create or perfect a copyright."  London Film Prods. Ltd. v. Intercontinental Comm'ns, Inc., 580 F. Supp. 47, 49 (S.D.N.Y. 1984) (quoting 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 1703 (1983)).  In Frink Am., Inc. v. Champion Road Machinery Ltd., 961 F. Supp. 398, 404–405 (N.D.N.Y. 1997), the court found that dismissal of a claim brought in the United States for copyright infringement under Canadian law was not

---

[2/]    Defendants further argue that the Canadian claims substantially predominate over the United States federal claims, and that this is a reason for the Court to decline to exercise supplemental jurisdiction.  Additionally, Defendants urge the Court to decline to exercise supplemental jurisdiction because of the likelihood of jury confusion for trademark infringement under the laws of two different nations.  However, Defendants raise both these arguments for the first time in their Reply, and thus the Court does not consider them.  See, e.g., Daghlian v. DeVry Univ., Inc., 461 F. Supp. 2d 1121, 1144, n. 37 (C.D. Cal. 2006) (noting that reply briefs are limited to matters raised by the opposition and that courts may decline to consider new material raised in the reply); Stewart v. Wachowski, 2004 WL 2980783, at *11 (C.D. Cal. Dec. 16, 2004) ("Courts decline to consider arguments that are raised for the first time in reply.").

SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-5034 PA (RZx) | Date | December 3, 2007 |
|---|---|---|---|
| Title | New Name, Inc. v. The Walt Disney Co., et al. | | |

warranted on comity grounds because both the United States and Canada are signatories of the Berne Convention on Copyrights, which bars administrative formalities between nations.  Defendants' Motion to Dismiss Plaintiff's second and fourth causes of action is denied.

    C.    <u>Unfair Competition</u>

       Defendants argue that Plaintiff pleaded only statutory unfair competition under Section 17200 of the California Business and Professions Code.  Section 17200 provides for only injunctive and restitutionary relief.  Cal. Bus. & Prof. Code § 17203.  Thus, the compensatory and punitive damages, and the disgorgement of profits sought by Plaintiff under this claim are simply not available.  For that reason, Defendants argue that the claims for damages and disgorgement should be stricken.  (Def.'s Mot. 6–7.)

       Plaintiff responds that it also alleged unfair competition under the Lanham Act and common law in the title of its fifth cause of action, though not in an enumerated paragraph.  (Pl.'s Opp. 14–15.)  However, merely stating the names of causes of action is insufficient.  <u>Tombly</u>, __ U.S. at __, 127 S.Ct. at 1964–65,  167 L. Ed. 2d 929 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . .")  Plaintiff includes no mention of these causes of action in any enumerated paragraphs in its complaint.  (<u>See</u> Compl. ¶¶ 73–77.)  Here, Plaintiff has not even provided a "formulaic recitation of the elements of a cause of action" that the Supreme Court held in <u>Twombly</u> is not enough.  <u>Id.</u> at __, <u>Id.</u> at 1964–65, 167 L. Ed. 2d 929.  The Court therefore grants Defendants' Motion to Strike Plaintiff's prayers for compensatory and punitive damages, and for disgorgement of Defendants' profits.

### Conclusion

       For all the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's first cause of action is granted with leave to amend.  Defendants' Motion to Dismiss Plaintiff's second and fourth causes of action is denied.  Defendants' Motion to Strike Plaintiff's prayers for compensatory and punitive damages, and for disgorgement of Defendants' profits is granted.  Plaintiff's amended complaint, if any, is to be filed and served within twenty days of the date of entry of this Order.[3/]

       IT IS SO ORDERED.

---

[3/]      On November 1, 2007, the Court issued an Order to Show Cause why this case should not be dismissed for failure to join two Canadian companies, The Walt Disney Company (Canada), Ltd. and Philhobar Design Canada, Ltd.  The Court declines to reach the issue until the pleadings are resolved.  However the Court remains concerned as to whether the Canadian companies are indispensable, and whether the Court may accord complete relief in their absence.  <u>See</u> Fed. R. Civ. P. 19(a)(1)(A).