1  IRELL & MANELLA LLP
   Steven A. Marenberg (101033) (smarenberg@irell.com)
2  Robert N. Klieger (192962) (rklieger@irell.com)
   W. Joss Nichols (244524) (jnichols@irell.com)
3  1800 Avenue of the Stars, Suite 900
   Los Angeles, California 90067-4276
4  Telephone:   (310) 277-1010
   Facsimile:    (310) 203-7199
5
   Attorneys for Defendants
6  THE WALT DISNEY COMPANY
   and DISNEY ENTERPRISES, INC.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10             WESTERN DIVISION

11 NEW NAME, INC.,                      )  Case No. CV 07-5034 PA (RZx)
                                        )
12          Plaintiff,                  )  **DEFENDANTS' NOTICE OF**
                                        )  **MOTION AND MOTION TO**
13                                      )  **DISMISS SECOND AMENDED**
                                        )  **COMPLAINT; MEMORANDUM**
14     v.                               )  **OF POINTS AND AUTHORITIES**
                                        )
15 THE WALT DISNEY COMPANY and          )  Hon. Percy Anderson
   DISNEY ENTERPRISES, INC.             )
16                                      )  Date:      February 25, 2007
          Defendants.                   )  Time:      1:30 p.m.
17                                      )  Ctrm:      15
                                        )
18                                      )  Disc. Cutoff:   July 7, 2008
                                        )  Pretrial Conf.: August 15, 2008
19                                      )  Trial:          September 16, 2008
                                        )
20 _____

21

22

23

24

25

26

27

28

1810329

1

# TABLE OF CONTENTS

2                                                                    Page

3   NOTICE OF MOTION AND MOTION ..................................................................1

4   MEMORANDUM OF POINTS AND AUTHORITIES ..........................................3

5   I.      BACKGROUND ...................................................................4

6   II.     ARGUMENT ...........................................................................6

7           A.    Plaintiff's United States Trademark Infringement
                  Claim Should Be Dismissed For Failure To State A
8                 Claim................................................................................8

9           B.    Plaintiff's Unfair Competition Claims Should Be
                  Dismissed For Failure To State A Claim...................................9
10
            C.    The Court Should Decline To Exercise Jurisdiction
11                Over Plaintiff's Canadian Law Claims .................................10

12  III.    CONCLUSION ...............................................................13

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

Page

**Cases**

3

4

*Altschuler v. University of Penn. Law School*, 1998 WL 113989
(S.D.N.Y. Mar. 13, 1998)........................................................................7

5

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) ...........................10

6

*Denbicare U.S.A., Inc. v. Toys R Us, Inc.*, 84 F.3d 1143 (9th Cir. 1996) ..............10

7

*E.S.S. Entertainment 2000, Inc. v. Rock Star Videos, Inc.*, 444 F. Supp.
2d 1012 (C.D. Cal. 2006) ......................................................................10

8

9

*Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952 (2002)..................10

*Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996) ........9

10

*Forsyth v. Humana, Inc.*, 114 F.3d 1467 (9th Cir. 1997).........................6

11

*Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d
1143 (7th Cir. 1992) ........................................................................9, 10

12

13

*Lawrence v. City of San Bernardino*, 2005 WL 5950105 (C.D. Cal. July
27, 2005)...............................................................................................7

14

*London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981)..................6

15

*Loux v. Rhay*, 375 F.2d 55 (9th Cir. 1967) ..............................................7

16

*Medrano v. City of Los Angeles*, 973 F.2d 1499 (9th Cir. 1992) .....10, 11

17

*Migliaccio v. Midland Nat'l Life Ins. Co.*, 2007 WL 316873 (C.D. Cal.
Jan. 30, 2007) ......................................................................................7

18

*Mount v. LaSalle Bank Lake View*, 926 F. Supp. 759 (N.D. Ill. 1996) .....7

19

*Ove v. Gwinn*, 264 F.3d 817 (9th Cir. 2001) .........................................10

20

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124 (2d Cir. 1994).............7

21

*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)......11, 12

22

*Zinus Inc. v. Simmons Bedding Co.*, 2007 WL 4287391 (N.D. Cal. Dec.
6, 2007)................................................................................................9

23

24

**Statutes**

25

28 U.S.C. § 1367...............................................................................4, 11

26

**Rules**

27

Fed. R. Civ. P. 12(g) ..............................................................................7

28

1810329

**TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 25, 2008 at 1:30 p.m. or as soon thereafter as counsel may be heard in the courtroom of the Honorable Percy Anderson, located in the United States Courthouse, 312 N. Spring Street, Los Angeles, California, Defendants The Walt Disney Company and Disney Enterprises, Inc. ("Defendants") will and hereby do move the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing the Second Amended Complaint of Plaintiff New Name, Inc. ("Plaintiff").

This Motion is made on the following grounds:

(1)    First Cause of Action for United States Trademark Infringement. Plaintiff's first cause of action, for United States trademark infringement, fails to state a viable claim for either direct or vicarious infringement.  Plaintiff does not allege that Defendants, as opposed to their purported licensees, manufactured, advertised, or sold any infringing goods.  Nor does Plaintiff allege that an actual or apparent partnership exists between Defendants and any alleged direct infringer, as is required to state a claim for vicarious infringement.

(2)    Fourth, Fifth, and Sixth Causes of Action for Unfair Competition. Plaintiff's unfair competition claims under the Lanham Act, California common law, and Section 17200 of the California Business and Professions Code are substantially congruent to its Lanham Act claims and fail for the same reasons.  The state law claims also fail because the doctrine of vicarious liability is not recognized under the California unfair competition laws.

(3)    Second and Third Causes of Action for Canadian Trademark and Copyright Infringement.  The Court should decline to exercise jurisdiction over Plaintiff's claims for violations of Canada's intellectual property laws under 28 U.S.C. § 1367(c).  The Canadian law claims substantially predominate over Plaintiff's Lanham Act claims and, if tried in conjunction with the Lanham Act claims, will create a risk of jury confusion.  Moreover, once Plaintiff's Lanham Act

1  claims are dismissed (as they should be at this pleading stage), no claims within the

2  original jurisdiction of the Court will remain, and all of the factors to be considered

3  in deciding whether to exercise supplemental jurisdiction therefore weigh in favor of

4  dismissal.

5       The Motion is made following the conference of counsel pursuant to L.R. 7-3

6  which took place on January 22, 2008.

7       This Motion is based on this Notice of Motion, the attached Memorandum of

8  Points and Authorities, all of the pleadings, files, and records in this proceeding, all

9  other matters of which the Court may take judicial notice, and any argument and

10 evidence that may be presented to or considered by the Court prior to making its

11 ruling.

12 Dated:  January 28, 2008                    IRELL & MANELLA LLP

13

14

15                                   By: /s/ Robert N. Klieger
                                     _____
16                                   Robert N. Klieger
                                     Attorneys for Defendants

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS SECOND AMENDED
COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

By its Order dated December 3, 2007, this Court granted in part and denied in part the Motion to Dismiss the First Amended Complaint of Plaintiff New Name, Inc. ("Plaintiff") filed by Defendants The Walt Disney Company and Disney Enterprises, Inc. ("DEI," and collectively with The Walt Disney Company, "Defendants").  The Court granted Plaintiff leave to amend solely with respect to the first cause of action for United States copyright infringement.  Plaintiff, however, elected not to amend the copyright claim, and has therefore waived that claim.  Instead, rather than stand on its First Amended Complaint, Plaintiff chose to file a superseding Second Amended Complaint with new allegations and two entirely new causes of action.  While Defendants do not believe that the Court contemplated such a filing, the consequence of Plaintiff's filing a superseding complaint is that the new complaint, and each of the causes of action asserted therein, is subject to challenge under Rule 12 of the Federal Rules of Civil Procedure.  Each of Plaintiff's six causes of action should be dismissed on the following grounds:

Plaintiff's first cause of action, for United States trademark infringement, fails to state a viable claim for either direct or vicarious infringement.  Plaintiff does not allege that Defendants, as opposed to their purported licensees, manufactured, advertised, or sold any infringing goods.  Nor does Plaintiff allege that an actual or apparent partnership exists between Defendants and any alleged direct infringer, as is required to state a claim for vicarious infringement.

Plaintiff's fourth, fifth, and sixth causes of action for unfair competition under the Lanham Act, California common law, and Section 17200 of the California Business and Professions Code, respectively, are substantially congruent to its Lanham Act claims and fail for the same reasons.  The state law claims also fail because the doctrine of vicarious liability is not recognized under the California unfair competition laws.

1  Finally, the Court should decline to exercise jurisdiction over Plaintiff's

2  claims for violations of the Canadian Trade-marks Act and the Copyright Act of

3  Canada under 28 U.S.C. § 1367(c).  These Canadian law claims substantially

4  predominate over Plaintiff's Lanham Act claims, the latter of which are premised on

5  extraterritorial application of the Lanham Act to reach alleged infringements <u>in</u>

6  <u>Canada</u> that have purportedly impacted Plaintiff's own sales <u>in Canada</u>.  Moreover,

7  once Plaintiff's Lanham Act claims are dismissed (as they should be at this pleading

8  stage), no claims within the original jurisdiction of the Court will remain, and all of

9  the factors to be considered in deciding whether to exercise supplemental

10  jurisdiction therefore weigh in favor of dismissal.

11  **I.     <u>BACKGROUND</u>**

12  This case involves the sale of 5,400 t-shirts in Canada that allegedly infringed

13  Plaintiff's Canadian copyright and its Canadian and United States trademark

14  registrations.  The t-shirts were designed and sold by non-party Philhobar Design

15  Canada, Ltd. ("Philhobar"), a Canadian apparel company based in Quebec,

16  Montreal.  New Name does not contend that any of the allegedly infringing t-shirts

17  were sold in the United States (they were not), or that Defendants made any of the

18  allegedly infringing sales anywhere (they did not).  Instead, Plaintiff seeks to hold

19  Defendants liable because Philhobar licensed from The Walt Disney Company

20  (Canada), Ltd. ("TWDC Canada")—also a non-party—the use the Walt Disney

21  name and Tinker Bell character, which Philhobar then used on the allegedly

22  infringing t-shirts.  Plaintiff does not contend that either the Walt Disney name or

23  Tinker Bell character is infringing.  Instead, it is <u>Philhobar's</u> design and mark that

24  Plaintiff contends infringed on its copyright and trademark.

25  Plaintiff filed its original Complaint on August 2, 2007, asserting claims of

26  United States and Canadian copyright and trademark infringement and unfair

27  competition.  Plaintiff's allegations regarding the alleged infringing acts of

28  Defendants were pleaded in the disjunctive—specifically, Plaintiff asserted that the

1  allegedly infringing clothing was "manufactured, transported, advertised **and/or sold**

2  in the United States in intrastate commerce."  Complaint ¶¶ 22 & 41 (emphasis

3  added).  Because Plaintiff did not allege that any sales had occurred in the United

4  States, but instead only that certain preparatory acts *or* sales had occurred here,

5  Defendants moved to dismiss the United States copyright infringement claim.  In

6  addition, because Plaintiff had not pleaded any of the facts necessary to invoke the

7  extraterritorial application of the Lanham Act, Defendants moved to dismiss that

8  claim as well, along with the derivative unfair competition claim.

9       On September 26, 2007, after Defendants had filed their original Motion to

10  Dismiss, Plaintiff mooted the Motion by filing a First Amended Complaint.

11  Plaintiff reasserted its United States copyright infringement claim, but it withdrew

12  any suggestion that sales of the allegedly infringing clothing had occurred in the

13  United States.  Instead, Plaintiff alleged only that the clothing had been "transported,

14  displayed and offered for sale in the United States" and that "**foreign sales** of the

15  goods were controlled and authorized in the United States."  FAC ¶ 26 (emphasis

16  added).  Plaintiff reformed its United States trademark infringement claim in this

17  same fashion, and also added a pro forma recitation of the facts required for

18  extraterritorial application of the Lanham Act.  FAC ¶¶ 49-50.  Defendants again

19  moved to dismiss the United States copyright claim on the ground that Plaintiff had

20  not alleged a completed act of infringement occurring in the United States.

21  Defendants also moved to strike Plaintiff's prayer for non-restitutionary relief on its

22  unfair competition claim under Section 17200 of the California Business and

23  Professions Code and further urged the Court to decline to exercise supplemental

24  jurisdiction over Plaintiff's Canadian copyright and trademark infringement claims.

25       On November 1, 2007, the Court issued an Order to Show Cause why this

26  case should not be dismissed for failure to join Philhobar and TWDC Canada as

27  indispensable parties.  The Court has not yet ruled on its Order to Show Cause.

28

MOTION TO DISMISS SECOND AMENDED
COMPLAINT

1810329

On December 3, 2007, the Court issued its Order granting in part and denying in part Defendants' Motion to Dismiss the First Amended Complaint. The Court granted the Motion to Dismiss Plaintiff's first cause of action for United States copyright infringement with leave to amend. The Court did not consider Defendants' argument that Plaintiff's Canadian law claims substantially predominated over its federal claims and presented a risk of jury confusion, finding instead that those arguments had been raised for the first time in Defendants' Reply. Finally, the Court granted Defendants' Motion to Strike Plaintiff's prayer for non-restitutionary relief on its Section 17200 claim.

On January 8, 2008, Plaintiff filed its Second Amended Complaint. Plaintiff did not reassert its United States copyright infringement claim—the one claim for which leave to amend had been granted. Instead, Plaintiff revised its allegations and asserted two new causes of action, for unfair competition under the Lanham Act and California common law. Notwithstanding the Court's Order to Show Cause, Plaintiff still did not seek to join either Philbar or TWDC Canada as defendants in the action.

## II.   <u>ARGUMENT</u>

Plaintiff's strategic decision not to amend its United States copyright infringement claim but to nonetheless file a superseding Second Amended Complaint with new allegations and new causes of action has two important consequences:

*First*, because Plaintiff has elected not to reassert its claim for United States copyright infringement, that claim has been waived, *see Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)), leaving just the Lanham Act claims within the Court's original jurisdiction.

*Second*, because the Second Amended Complaint supersedes the First Amended Complaint, it is treated as an entirely new pleading, the former complaint

1  "being treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

2  1967).  Indeed, because the Second Amended Complaint is regarded as a fresh

3  pleading, Defendants are entitled to move to dismiss each of the claims asserted

4  therein on any grounds, whether or not previously asserted.  *See Migliaccio v.*

5  *Midland Nat'l Life Ins. Co.*, 2007 WL 316873, at *2-3 (C.D. Cal. Jan. 30, 2007)

6  (Snyder, J.) (rejecting plaintiff's argument that Fed. R. Civ. P. 12(g) prevents

7  defendants from raising challenges to amended complaint that were considered and

8  rejected, or that could have been raised, in moving to dismiss prior complaint);

9  *Lawrence v. City of San Bernardino*, 2005 WL 5950105, at *4 (C.D. Cal. July 27,

10  2005) (Cooper, J.) (rejecting as "without merit" plaintiffs' argument that Fed. R. Civ.

11  Proc. 12(g) limits arguments available to defendants on motion to dismiss amended

12  complaint); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.

13  1994) (amended complaint revives all defenses except as to lack of personal

14  jurisdiction, improper venue, and insufficiency of process or service); *Altschuler v.*

15  *University of Penn. Law School*, 1998 WL 113989, at *2 (S.D.N.Y. Mar. 13, 1998)

16  (in moving to dismiss amended complaint, defendants entitled to make arguments

17  not raised in their first motion to dismiss); *Mount v. LaSalle Bank Lake View*, 926 F.

18  Supp. 759, 763 (N.D. Ill. 1996) (rejecting plaintiffs' argument that defendants

19  waived any arguments which could have been raised in moving to dismiss a prior

20  complaint, notwithstanding the fact that the amendments were "for 'housecleaning'

21  purposes" and did not substantively alter the earlier complaint).

22        As discussed below, Plaintiff's first, fourth, fifth, and sixth causes of action,

23  for United States trademark infringement and for statutory and common law unfair

24  competition, fail to allege facts sufficient to state viable claims for relief and should

25  be dismissed.  The Court should further decline to exercise supplemental jurisdiction

26  over Plaintiff's claims under the Canadian Trade-marks Act and the Copyright Act

27  of Canada on the grounds that these claims substantially predominate over Plaintiff's

28

1  Lanham Act claims and that, once the Lanham Act claims are dismissed, there are

2  no remaining federal claims to adjudicate.

3        **A.**    **Plaintiff's United States Trademark Infringement Claim Should Be**

4              **Dismissed For Failure To State A Claim**

5        Plaintiff's first cause of action, for United States trademark infringement,

6  purports to be based on both "direct" and "vicarious" infringement.  SAC ¶ 30.

7  Plaintiff has not sufficiently alleged either.

8        To prevail on a claim for direct trademark infringement, Plaintiff must prove

9  that Defendants themselves made use of Plaintiff's trademark, as opposed to

10  contributing to someone else's (*e.g.*, a licensee's) use of the mark.  The Second

11  Amended Complaint alleges that "Defendants" engaged in a variety of acts,

12  including sales of infringing clothing and willful counterfeiting of Plaintiff's t-shirts.

13  SAC ¶¶ 26, 31 & 65.  Plaintiff divulges at the outset of its complaint, however, that

14  the actions attributed therein to "Defendants" are not, in fact, direct actions by the

15  two named defendants, but are instead the actions of defendants "***and/or [their]***

16  ***licensees***."  SAC ¶ 11 (emphasis added).  This is not surprising given that Plaintiff

17  has known from the outset of this action that all of the allegedly infringing sales

18  were made not by Defendants but instead by Philhobar, an indirect licensee of the

19  Walt Disney name and certain characters, including Tinker Bell, in Canada.

20  Plaintiff cannot transmute a claim of indirect infringement into one of direct

21  infringement simply by defining the term "Defendants" as used in the Second

22  Amended Complaint to include licensees.  Rather, in seeking to hold the named

23  defendants liable for the acts of another, Plaintiff is necessarily pursuing a theory of

24  indirect infringement.  Plaintiff's inability to allege in good faith that the named

25  defendants directly infringed Plaintiff's trademark is fatal to the charge of direct

26  infringement.

27        Plaintiff's allegations are no more adequate to establish a claim of vicarious

28  infringement.  The only allegation that Plaintiff makes relative to its claim of

1  vicarious infringement is that "Defendants had, at all times, the ability to control the

2  infringement and those directly responsible for the infringement, and financially

3  benefited from the infringement."  SAC ¶ 29.  Even setting aside the fact that

4  "Defendants" again refers not only to the two named defendants, but also to their

5  licensees, Plaintiff's allegations fail to state a claim of vicarious infringement.

6  Unlike vicarious <u>copyright</u> infringement, which requires only the ability to control

7  the alleged infringer and a direct financial benefit, vicarious trademark infringement

8  requires a finding that the defendant and the infringer "have an apparent or actual

9  partnership, have authority to bind one another in transactions with third parties or

10  exercise joint ownership or control over the infringing product."  *Hard Rock Café*

11  *Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992); *see*

12  *Zinus Inc. v. Simmons Bedding Co.*, 2007 WL 4287391, at *5 (N.D. Cal. Dec. 6,

13  2007) (recognizing Ninth Circuit adoption of the *Hard Rock* standard).  Plaintiff has

14  not alleged any of these elements.[1]

15      Because Plaintiff has not pleaded the necessary elements of either direct or

16  vicarious trademark infringement, its first cause of action fails to state a claim for

17  relief and should be dismissed.

18      **B.    <u>Plaintiff's Unfair Competition Claims Should Be Dismissed For</u>**

19          **<u>Failure To State A Claim</u>**

20      Each of Plaintiff's three unfair competition claims also fails to state a viable

21  claim for relief.  The fourth cause of action, for unfair competition under Section

22  43(a) of the Lanham Act, fails for the same reasons as Plaintiff's United States

23  trademark infringement claim—*i.e.*, because Plaintiff has not alleged any direct

24

_____

25      [1] Plaintiff's allegations are also inadequate to state a claim for contributory
   trademark infringement.  "To be liable for contributory trademark infringement, a
26  defendant must have "intentionally induce[d] another to infringe on a trademark or
   (2) continue[d] to supply a product knowing that the recipient is using the product to
27  engage in trademark infringement."  *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d
   259, 264 (9th Cir. 1996).  Plaintiff has failed to plead a viable claim under either
28  prong.

infringement by the two named defendants and has not pleaded the necessary elements for vicarious or contributory liability.  *See Hard Rock*, 955 F.2d at 1148-49 (elements for vicarious and contributory infringement under Section 43(a) of the Lanham Act are the same as those for vicarious and contributory infringement of a registered trademark).  The fifth and sixth causes of action, for California statutory and common law unfair competition, are "substantially congruent" to claims made under the Lanham Act and fail for these same reasons.  *Denbicare U.S.A., Inc. v. Toys R Us, Inc.*, 84 F.3d 1143, 1152 (9th Cir. 1996); *see E.S.S. Entertainment 2000, Inc. v. Rock Star Videos, Inc.*, 444 F. Supp. 2d 1012, 1049 (C.D. Cal. 2006).  These claims also fail for the additional reason that vicarious liability is not recognized under the California unfair competition laws, and Defendants therefore cannot be held liable thereunder for acts of their purported licensees.  *See Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002).

**C.**　　**The Court Should Decline To Exercise Jurisdiction Over Plaintiff's Canadian Law Claims**

The only remaining claims in Plaintiff's Second Amended Complaint are the second and third causes of action for trademark and copyright infringement under the Canadian Trade-marks Act and the Copyright Act of Canada.  Plaintiff recognizes that these Canadian law claims fall outside the Court's original jurisdiction but requests that the Court exercise supplemental jurisdiction over the claims.  SAC ¶ 5; *see Medrano v. City of Los Angeles*, 973 F.2d 1499, 1506 (9th Cir. 1992) ("[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right.").

The United States Supreme Court has recognized that when all federal claims (here, the Lanham Act clams) are eliminated before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction" over the remaining state or foreign law claims.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see Ove v. Gwinn*, 264 F.3d 817, 821 (9th

1   Cir. 2001) (declining supplemental jurisdiction after granting defendants' motion to

2   dismiss federal claims).  Especially given that this case is only at the pleading stage,

3   the Court should decline to exercise jurisdiction over the Canadian law claims

4   following dismissal of the Lanham Act claims, and the Canadian law claims should

5   instead be litigated in Canada, where the alleged direct infringer is located, where

6   most of the witnesses and evidence can be found, and where the issues of Canadian

7   law may more readily be addressed.  *See* 28 U.S.C. § 1367(c)(3).

8          Even if the Lanham Act claims survive this Motion to Dismiss, the Court has

9   "broad discretion" in evaluating whether supplemental jurisdiction is appropriate

10  and may decline to exercise supplemental jurisdiction over the Canadian law claims

11  if, among other things, "the claim[s] substantially predominate[] over the claim or

12  claims over which the district court has original jurisdiction."  28 U.S.C.

13  § 1367(c)(2).  If it appears that the Canadian law issues substantially predominate,

14  "whether in terms of proof, of the scope of the issues raised, or of the

15  comprehensiveness of the remedy sought," those claims should be dismissed

16  without prejudice and left for resolution by the Canadian courts.  *United Mine*

17  *Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

18         There is no question that Plaintiff's Canadian law claims substantially

19  predominate over its Lanham Act claims.  Plaintiff asserts that it is the owner of the

20  "SWEET & TOXIC" trademark and of the "REASON" design pursuant to filings

21  under the Canadian Trade-marks Act and the Copyright Act of Canada.  SAC ¶ 13,

22  18, 40 & 52.  Plaintiff contends that it has used its trademark and design "on men's'

23  [sic] and women's' [sic] apparel in Canada."  SAC ¶ 42 & 54 (emphasis added).

24  Plaintiff further alleges that Defendants have sold thousands of infringing t-shirts in

25  Canada (SAC ¶ 41) and that the infringing t-shirts were "manufactured, transported,

26  advertised, offered for sale and sold in Canada" (SAC ¶¶ 42 & 54 (emphasis

27  added)).  Although Plaintiff asserts that it also holds a United States trademark

28  registration for the "SWEET & TOXIC" mark, Plaintiff does not allege that a single

MOTION TO DISMISS SECOND AMENDED
COMPLAINT

1810329                                    - 11 -

infringing article was manufactured, was advertised, or was sold in the United States, either by Defendants or by anyone else.  Instead, Plaintiff's Lanham Act claims—the only claims over which this Court has original jurisdiction—are premised on extraterritorial application of the Lanham Act to reach alleged infringements occurring in Canada that purportedly have impacted Plaintiff's own sales in Canada.  SAC ¶¶ 3 & 28.  Both the alleged direct infringer (Philhobar) and licensor of the Walt Disney name and Tinker Bell character in Canada (TWDC Canada) are Canadian companies with their offices and employees in Canada, such that all of the key witnesses and documentary evidence will be located in Canada.  Plaintiff has waived its United States copyright infringement claim, such that the only copyright claim remaining in the case is one for violation of the Copyright Act of Canada.  SAC ¶¶ 51-61.  And, because this Court lacks personal jurisdiction over the alleged direct infringer, the injunctive relief Plaintiff seeks to restrain sales of the allegedly infringing t-shirts can be effectively obtained and enforced only in the courts of Canada.

In sum, this is not a case in which a plaintiff seeks to assert foreign claims that are ancillary to the domestic claims at the heart of the action.  The Canadian law claims are the crux of this action and substantially predominate over the Lanham Act claims in every respect, including in terms of proof, of the scope of the issues raised, and of the comprehensiveness of the remedy sought.  Thus, regardless of whether the Lanham Act claims are dismissed at the pleading stage, this is a classic instance in which the Court should decline to exercise supplemental jurisdiction over the foreign law claims under Section 1367(c)(2).  *See Gibbs*, 383 U.S. at 726.[2]

---

[2] If the Lanham Act claims do survive this Motion to Dismiss, retaining jurisdiction over the Canadian law claims would also present a risk of jury confusion, in that the jury would be required to decide claims of infringement under both United States and Canadian trademark law.  When jury confusion is possible, "jurisdiction should ordinarily be refused."  *Gibbs*, 383 U.S. at 727.

MOTION TO DISMISS SECOND AMENDED COMPLAINT

III.  **CONCLUSION**

For the foregoing reasons, Defendants request that the Court grant their

Motion to Dismiss Plaintiff's Second Amended Complaint.

Dated:  January 28, 2008                    IRELL & MANELLA LLP


                                            By: /s/ Robert N. Klieger
                                                Robert N. Klieger
                                                Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document is being filed electronically pursuant to General Order 07-08 on this the 28th day of January, 2008.  As such, this document will be served electronically on all parties or their counsel as follows:

Harvey I. Saferstein, Esq. (hsaferstein@mintz.com)

Andrew D. Skale, Esq. (askale@mintz.com)

Ben L. Wagner, Esq. (bwagner@mintz.com)

Dated:  January 28, 2008                    /s/ Robert N. Klieger
                                            Robert N. Klieger
                                            Attorneys for Defendants

MOTION TO DISMISS SECOND AMENDED
COMPLAINT

1810329

- 14 -